**Hearing Date: November 15, 2010**
**Time: 10:00 a.m.**

CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
Bonnie L. Pollack, Esq. (BP 3711)

Attorneys for VNB New York Corp.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re:

1925 Flatbush Avenue, LLC,

Debtor.
---------------------------------------------------------X

Chapter 11
Case No. 10-48979 (JBR)

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on November 15, 2010 at 10:00 a.m., VNB New York Corp. ("VNB"), by and through its attorneys Cullen and Dykman LLP, will move (the "Motion") before the Honorable Joel B. Rosenthal, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Brooklyn, New York 11201, or as soon thereafter as counsel can be heard, for an Order granting VNB relief from the automatic stay and prohibiting the Debtor's use of cash collateral or, alternatively, dismissing the Debtor's case.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with the Revised General Order (and Exhibit 1 to the Revised General Order, which

can be found http://www.nyeb.uscourts.gov, the official website of the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with the Revised General Order upon (i) Cullen and Dykman LLP, 100 Quentin Roosevelt Blvd, Garden City, New York 11530, attention: Bonnie L. Pollack, Esq. and (ii) the Office of the United States Trustee, Office of the United States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, New York 11201, in order that they be received no later than 4:00 p.m. on November 8, 2010.

Dated: Garden City, New York
October 18, 2010

CULLEN AND DYKMAN LLP
Attorneys for VNB New York Corp.

By: s/Bonnie L. Pollack
Matthew G. Roseman (MR1387)
Bonnie L. Pollack (BP 3711)
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Matthew G. Roseman, Esq. (MR 1387)
Bonnie L. Pollack, Esq. (BP 3711)

Attorneys for VNB New York Corp.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re:

1925 Flatbush Avenue, LLC,

Debtor.

Chapter 11
Case No. 10-48979 (JBR)
---------------------------------------------------------X

**MOTION BY VNB NEW YORK CORP. FOR RELIEF FROM THE AUTOMATIC STAY AND TO PROHIBIT USE OF CASH COLLATERAL AND/OR TO DISMISS DEBTOR'S CASE**

To the Honorable Joel B. Rosenthal, United States Bankruptcy Judge:

VNB New York Corp. ("VNB"), by and through its attorneys Cullen and Dykman LLP, as and for its motion for relief from the automatic stay and to prohibit the use of cash collateral and/or to dismiss the Debtor's case, respectfully alleges as follows:

## INTRODUCTION

1. On September 22, 2010 (the "Petition Date"), 1925 Flatbush LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York.

2. No trustee, examiner or creditor's committee has been formed or appointed in the Debtor's case, and the Debtor remains in possession of its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. §§ 157(b) (2)(A), (G) and (O).

## BACKGROUND

4. The Debtor is the owner of certain property located at 1917-1925 Flatbush Avenue, Brooklyn, New York (the "Property").

5. On June 1, 2006, the Debtor executed and delivered to Flatbush Funding Associates ("FFA") a mortgage against the Property in the principal amount of $775,000 to secure indebtedness to FFA in the same amount, which mortgage was recorded on July 1, 2006 ("Mortgage 1"). Mortgage 1 was assigned by FFA to LibertyPointe Bank ("LPB") by assignment date November 15, 2006 and recorded on January 22, 2007.

6. On November 16, 2006, the Debtor executed and delivered to LPB another mortgage against the Property in the principal amount of $1,000.00 to secure indebtedness to LPB in the same amount, which mortgage was recorded on January 22, 2007 ("Mortgage 2").

7. Pursuant to a Consolidation, Extension and Modification Agreement (the "Consolidation Agreement") dated November 16, 2006, Mortgage 1 and Mortgage 2 (collectively, the "Mortgage") were consolidated into a single first mortgage lien against the Property in the principal amount of $750,000. A copy of the Consolidation Agreement, which was recorded on February 13, 2007, is annexed hereto as Exhibit "A".[1]

[1] The exhibits to the Consolidation Agreement have not been attached since they are voluminous, but they are available upon request.

8. On October 8, 2008, LPB commenced an action to foreclose the Mortgage based on the Debtor's default in the payment thereof since July 1, 2008. By Order entered August 30, 2010, a Receiver was appointed with respect to the Property, but had not taken possession of the Property as of the Petition Date.

9. On February 10, 2009, LPB moved for summary judgment in the foreclosure action, which was not opposed. No order has yet been entered as a result of that motion, and the foreclosure action was stayed as a result of the Debtor's bankruptcy filing.

10. On March 11, 2010, LPB was closed by the New York State Banking Department and the Federal Deposit Insurance Corporation ("FDIC") was named as receiver of LPB. On the same day, Valley National Bank ("Valley") purchased substantially all of LPB's assets from the FDIC including, but not limited to, the Debtor's payment obligations to LPB arising out of the Mortgage and all documents ancillary thereto (collectively, the "Loan Documents"). The Loan Documents were thereafter assigned by FDIC as receiver of LPB to Valley by assignment recorded October 12, 2010, a copy of which is annexed hereto as Exhibit "B". Subsequently, the Loan Documents were assigned by Valley to VNB, a subsidiary of Valley. A copy of that assignment, recorded October 12, 2010, is annexed hereto as Exhibit "C".

11. As set forth on Exhibit "D" hereto, as of the Petition Date, VNB was due the amount of $1,219,215.58 from the Debtor (the "VNB Debt").

12. Pursuant to the Mortgage, the Debtor is presently required to make payments of principal, interest and escrow to VNB in the amount of $7,282.35 per month.

13. For the reasons set forth below, VNB submits that cause exists to vacate the automatic stay to permit it to proceed with the foreclosure action as well as to prohibit the Debtor's use of cash collateral and/or to dismiss this case.

## VNB IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY

14. Section 362 of the Bankruptcy Code provides for a broad stay of acts to collect debts against the debtor or to affect property of the estate. Sections 362(d)(1) and (d)(2), however, require the Court to grant relief from the stay in certain circumstances, both of which are present here. First, under section 362(d)(1) of the Bankruptcy Code, relief from the stay should be granted upon a showing of "cause" for such relief. "Cause" is not defined in the Bankruptcy Code but is determined on a case by case basis. Pursiful v. Eakin, 814 F.2d 1501, 1506 (10th Cir. 1987); In re South Oakes Furniture, Inc., 167 B.R. 307, 308 (Bankr. M.D. Ga. 1994); In re M.J. & K Co., Inc., 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). In determining whether to modify the stay, the court must "'consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate.'" M.J. & K., 161 B.R. at 590, quoting In re Mego Int'l, Inc., 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983). Thus, "cause" is a broad and flexible concept. M.J. & K., 161 B.R. at 590.

15. Although the grant or the denial of relief from the stay is a matter traditionally viewed as being within the discretion of the Bankruptcy Code, the Court must grant relief from the stay if the collateral is not adequately protected. See In re Woodfield Furniture Clearance Center of Suffolk, Inc., 102 B.R. 327 (Bankr. E.D.N.Y. 1989); In re Diplomat Electronics Corp, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988) ("[I]f the court finds that . . . the secured creditor lacks adequate protection . . . the court must lift the stay.").

16. A debtor's failure to make the post-petition payments required under its loan documents constitutes cause for relief from the automatic stay pursuant to section 362 of the Bankruptcy Code. In re Elmira Litho, 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994) (prima facie

case established by demonstrating debtor has completely failed or substantially failed to make post-petition payments).

17. Cause exists to grant VNB relief from the stay in this case. The Debtor has failed to make any post-petition payments to VNB and has not evidenced an intent to make any payments required under the Mortgage. Moreover, upon information and belief, the Debtor is also using the rents from the Property, which constitutes VNB's "cash collateral", without VNB's consent and without a Court order authorizing such use, thereby eroding VNB's collateral in violation of the Bankruptcy Code. Debtor's counsel has not even responded to VNB's counsel's correspondence in this regard.

18. LPB and/or VNB has also had to pay the cost of insuring the Property since April, 2009, and LPB paid the taxes on the Property until VNB purchased the Debtor's obligations. Since that time, the taxes have continued to accrue and remain unpaid. Accordingly, VNB submits that cause exists to vacate the automatic stay under section 362(d)(1) of the Bankruptcy Code to permit it to continue with the foreclosure action against the Property.

19. In addition to the foregoing, grounds exist to grant relief from the automatic stay under section 362(d)(2) of the Bankruptcy Code. Under section 362(d)(2), the Court shall grant relief from the automatic stay of an act against property if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

20. Here, the Debtor's schedules indicate that the value of the Property is $900,000. Additionally, LPB commissioned an appraisal of the Property in early 2009 which indicated a value of $1,000,000, a copy of which is annexed hereto as Exhibit "E". Given the VNB Debt of $1,219,215.58, the Debtor clearly has no equity in the Property.

21. Moreover, VNB does not believe that the Property is necessary for an effective reorganization. Although undoubtedly the Debtor will argue that since this is a single asset case, reorganization cannot be achieved without the Property, the Debtor must nevertheless demonstrate that it has a reasonable prospect of reorganization. What is required under section 362(d)(2) "is not merely showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means…that there must be 'a reasonable possibility of a successful reorganization within a reasonable time period'". United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 375-6 (1988) (citations omitted) (emphasis in original); see also, In re Pegasus Agency, Inc., 101 F.3d 882, 886 (2d. Cir. 1996). "It goes without saying that an effective reorganization cannot be based solely on speculation". In re Kent Terminal Corp., 166 B.R. 555, 562 (Bankr. S.D.N.Y. 1994), citing In re Saypol, 31 B.R. 796, 803 (Bankr. S.D.N.Y. 1983). "Mere dreams" of a reorganization cannot sustain the automatic stay. In re New Era Co., 125 B.R. 725, 730 (Bankr. S.D.N.Y. 1991).

22. In In the Matter of Anchorage Boat Sales, Inc., 4 B.R. 635 (Bankr. E.D.N.Y. 1980), the Court found that the debtor's property was not necessary to an effective reorganization because there was no possibility of an effective reorganization. In that case, nothing in the record indicated that the debtor was able to generate sufficient revenues to meet its obligations nor did the debtor have an outside source of funds which would enable it to finance a plan. Thus, the Court concluded that the debtor's encumbered property was not essential because there was no possibility that it could reorganize, and that the stay should be lifted to allow the lender to proceed to foreclose on its security interest. Anchorage Boat Sales, 4 B.R. at 641; see also In the Matter of Boca Development Associates, 21 B.R. 624, 630 (Bankr. S.D.N.Y. 1982) (among other

things, there was no proof that financing will be available for a plan. The Debtor, therefore, did not establish that an effective reorganization was likely.).

23. In this case, VNB does not believe that the Debtor has a reasonable prospect of reorganization. Pursuant to Debtor's schedule of executory contracts filed with its schedules, the Debtor has one tenant at the Property under a lease which commenced in December 2009. Pursuant to paragraph 1 of the Debtor's Statement of Financial Affairs, the Debtor realized $18,000 in rent for 2010 as of the end of September, which amounts to rental payments of $2,000 per month. However, the monthly payments due to VNB total $7,282.35 and the rent is insufficient to cover even monthly debt service to VNB, let alone any other monthly expenses or administrative costs which may be required in this case. Accordingly, the Debtor is hard pressed to seriously argue that it has an ability to reorganize and VNB submits that the Property is not necessary for an effective reorganization since there is no reasonable chance of reorganization to begin with.

24. Based on the foregoing, VNB believes that grounds exist under section 362(d)(2) of the Bankruptcy Code to vacate the automatic stay to permit VNB to continue its foreclosure action.

**THE DEBTOR SHOULD BE**
**PROHIBITED FROM USING CASH COLLATERAL**

25. The Court should also issue an order under section 105(a) of the Bankruptcy Code prohibiting the Debtor from using VNB's cash collateral. Section 105(a) permits the Court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. See, 11 U.S.C. § 105(a). Without such an order of the Court, it is clear that the Debtor will not comply with its obligations under section 363(c) of the Bankruptcy

Code on its own fruition, and that such an order is necessary to carry out the provisions of section 363(c).

**THE COURT SHOULD DISMISS THE DEBTOR'S CASE**

26. Alternatively, grounds also exist to dismiss this case pursuant to section 1112(b)(1) of the Bankruptcy Code, which provides that the Court may dismiss a chapter 11 case for "cause". This case should be dismissed as having been filed in bad faith. While there is nothing "inherently unacceptable" about filing a bankruptcy petition to block foreclosure, "a debtor must commit to a 'legitimate effort of reorganization' . . . However, 'when a bankruptcy case has been filed only for the purpose for inhibiting or forestalling a foreclosure action on the debtor's assets without the intention of financial rehabilitation, the case should be dismissed as having been filed in bad faith.'" In re Tornheim, 239 B.R. 677, 686 (Bankr. E.D.N.Y. 1999), citing In re Earl, 140 B.R. 728, 739 (Bankr. N.D. Ind. 1992).

27. In the case of In re Phoenix Piccadilly, Ltd., 849 F.2d 1393 (11th Cir. 1988), in determining whether bad faith existed for the purposes of both dismissal and vacature of the automatic stay, the Court found that:

> there is no particular test for determining whether a debtor has filed a petition in bad faith. Instead, the courts may consider any factors which evidence "an intent to abuse the judicial process and the purposes of the reorganization provisions" or, in particular, factors which evidence that the petition was filed "to delay or frustrate the legitimate efforts of secured creditors to enforce their rights."

Phoenix Piccadilly, 849 F.2d at 1394, citing In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1987).

28. Thus, the Court found that "many of the circumstantial factors which have been identified by the courts is evidencing a bad faith filing" were present in that case. The factors identified were:

(i) The Debtor has only one asset, the Property . . . ;

(ii) The Debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;

(iii) The Debtor has few employees;

(iv) The Property is the subject of a foreclosure action as a result of arrearages on the debt;

(v) The Debtor's financial problems involve essentially a dispute between the Debtor and the Secured Creditors which can be resolved in the pending State Court Action; and

(vi) The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.

Id. at 1394-5 (citations omitted); See also 9281 Shore Rd. Owners Corp. v. Seminole Realty Corp. (In re 9281 Shore Rd. Owners Corp.), 187 B.R. 837, 848 (E.D.N.Y. 1995); In re East-West Associates, 106 B.R. 767, 772 (S.D.N.Y. 1989).

29. Application of the foregoing factors requires a determination that the instant petition was filed in bad faith. First, this is a single asset case, the only asset being the Property. While Debtor has unsecured debt of approximately $36,000 for taxes (which LPB or VNB may have in fact already paid), such debt pales in comparison to the VNB Debt. It is unclear as to the number of the Debtor's employees but a single asset entity typically has none, or one, employee.

30. The Property was subject to a foreclosure action at the time of the filing of the bankruptcy case and the Debtor's problems involve a dispute solely between it and VNB which can, and should, be resolved in the foreclosure action.

31. Finally, the only possible reason for the filing of the Debtor's case appear to be to thwart VNB's exercise of its rights. Accordingly, VNB submits that the totality of the circumstances provide substantial grounds for a finding that this case was filed in bad faith, and are the exact factors which evidence an "intent to abuse the judicial process and the purposes of the reorganization provisions" considered by the courts in determining whether a filing is in bad faith. VNB submits, therefore, that grounds exist to dismiss this case under section 1112(d)(1) of the Bankruptcy Code.

## CONCLUSION

32. As discussed above, VNB believes that the facts of this case establish cause to either vacate the automatic stay to permit VNB to continue with its foreclosure action and/or to dismiss this bankruptcy case. Additionally, the Debtor should be prohibited from using VNB's cash collateral.

33. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, VNB respectfully requests that the Court enter the proposed order annexed as Exhibit "F" hereto, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
October 18, 2010

CULLEN AND DYKMAN LLP

By: s/Bonnie L. Pollack
Mathew G. Roseman, Esq. (MR-1387)
Bonnie L. Pollack, Esq. (BP-3711)
Attorneys for VNB New York Corp.
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700